13611

CANTOR *ET AL.* v. RESERVE LOAN LIFE INS. CO.

(168 S. E., 848)

November, 1931.

*Messrs. Mays & Featherstone* and *Frank G. West,* for appellant,

*Messrs. Grier, Park, McDonald & Todd,* for respondent,

April 4, 1933.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

Respondents brought action to recover on a policy of insurance issued by appellant upon the life of Abraham Samuels; the respondents being the named beneficiaries. The case came to trial first at the fall, 1930, term of the Court of Common Pleas for Greenwood County, at which time a verdict was directed by the Court in favor of the plaintiffs for the amount claimed. An appeal followed to this Court, which resulted in the reversal of the judgment, and in remanding the case for new trial. 161 S. C., 198, 159 S. E., 542. This was had at the November, 1931, term of the Court, and the jury found a verdict for plaintiffs for the amount of the policy with interest, less the amount of the unpaid premium.

This appeal followed, founded upon seven exceptions, with a number of subdivisions.

The two vital issues in both appeals were and are these:

(1) Was the receipt which was issued to Abraham Samuels when the application was taken a binding receipt?

(2) Was the policy delivered?

In the first appeal the judgment was reversed because the defendant was denied the opportunity to offer testimony as to the nature of the receipt issued to Samuels, and upon the question of the delivery of the policy. On the first issue this Court said (see 161 S. C., 198, 159 S. E., 542, 544):

"Defendant denies that this was a binding receipt which put the policy in force as of the date of the application, and pleaded that the receipt on its face showed that the insurance was to become effective as by the terms and at the date provided by the policy applied for. A close analysis of the receipt discloses that there is nothing in the instrument itself to show that it is what is known as a 'binding receipt,' which put

the insurance into effect as of that date. It required evidence *de hors* the receipt to show that it was given as, and was intended to be, a binding receipt.   *   *   *

"Surely the defendant was entitled to have this issue of fact thus made to go to the jury.   *   *   *   It was denied this right."

At the second trial defendant was given the fullest opportunity to meet this issue of fact, and the jury has found against it.

The burden of the exceptions is that the Court erred in permitting plaintiff to introduce evidence relative to what occurred at the time of the taking of the application of insurance, which tended to show that the receipt thus given Abraham Samuels was given as, and intended to be, a binding receipt which put the insurance in effect as of that date. These exceptions are disposed of by the decision of this Court in the former case, which expressly allows such testimony. That is the law of the case.

Defendants contend that the policy was never delivered.

The jury found that the receipt given Samuels was a binding one; it follows that the insured was protected from that date under the terms of the policy, if the application was approved.

These are the facts: The application was approved by the company August 14; the policy was issued August 17; the policy was mailed August 19 to J. C. Rushton, the agent of defendant, at Greenville, S. C., for delivery; August 20, Abraham Samuels was injured in an automobile accident, and died August 21.

In the case of *Williams v. Philadelphia Life Ins. Co.*, 112 S. C., 436, 100 S. E., 157, it was held (quoting syllabus No. 2): "Generally, when an insurance company sends a policy, the contents of which is known to, and assented to, by the insured, to the company's general agent for delivery

to the insured, then delivery is effected, and the contract of insurance is of force."

In the present case it is suggested that the policy issued is not that for which Samuels applied; but there is no testimony in support of the suggestion. On the contrary it is in evidence that the application was approved, and the policy issued thereon as applied for.

Appellant accepts for that the Court charged the requests of the plaintiffs, and incidentally charged the law of waiver.

The requests of plaintiffs stated sound propositions of law, and there were issues and testimony to which they were applicable. It will not be argued that the defendant could not waive any of the provisions of its contract of insurance; even those relating to the delivery of the policy. See *Fender v. New York Life Ins. Co.*, 158 S. C., 331, 155 S. E., 577. But appellant argues that there was no issue of waiver to which the charge on that line could apply. The defendant was standing upon the strict and technical language and terms of its contract; there was evidence tending to vary those terms in some particulars, which evidence was held to be competent and relevant. Did the insurance company, by the representations and actions of its agents and officers, waive any of the terms upon which it sought to stand at the trial? That was a question for the jury, and the Judge's charge thereabout was not an error.

Exception 6 is disposed of by what has been said relative to the testimony of plaintiff's witness, Werts.

Exception 7 relating to the refusal to charge defendant's fourth request cannot be sustained. There can be no doubt that the sum of $46.06 was the amount of the annual premium fixed when the application was taken, and known to all the parties to the contract.

This second trial was held in accord with the applicable rules laid down by this Court when deciding the first appeal. It is useless to prolong this opinion.

The exceptions are overruled, and the judgment of the Court below is affirmed.

MR. CHIEF JUSTICE BLEASE, and MESSRS. JUSTICES STABLER and CARTER concur.