## Richmond

PATRICIA ROSE v. THE TRAVELERS INDEMNITY COMPANY.

April 28, 1969.

Record No. 6899.

Present, All the Justices.

*Joseph A. Billingsley, Jr.; John T. Casey* (*W. D. Williams*, on brief), for plaintiff in error.

*Russell H. Roberts; M. Wallace Moncure, Jr.* (*Moncure & Cabell; Ashby & Roberts*, on brief), for defendant in error.

I'ANSON, J., delivered the opinion of the court.

This action was instituted by Patricia Rose, plaintiff, against The Travelers Indemnity Company, to collect a judgment obtained by her in the amount of $12,000 in a John Doe proceeding for injuries sustained on June 26, 1965, when the automobile owned and operated by Richard Lewis Johnson, in which she was riding as a guest, was in an accident caused by the negligence of an unknown driver. She alleged that the defendant was liable for the amount of the judgment and costs expended by virtue of and under the provisions of the uninsured motorist statute, Code § 38.1-381, as amended, 1953 Repl. Vol., 1968 Cum. Supp.

Trial by jury was waived and the trial court, after hearing evidence, held in its written opinion that the provisions of the uninsured motorist statute were not applicable because (1) the Travelers Indemnity policy was issued and delivered to Johnson in the District of Columbia, and (2) at the time the policy was obtained the Johnson automobile was then not principally garaged or principally used in Virginia. Judgment was accordingly entered for the defendant, and plaintiff is here on a writ of error.

In September 1964, Richard Lewis Johnson, who was a resident of and employed in Washington, D.C., purchased a new automobile. The car was registered in the District of Columbia and it bore District license plates. Incident to the purchase, Johnson applied for liability insurance through George Gilbert, an agent of the George H. Rucker Insurance Agency, Inc., a Virginia corporation with offices in Arlington, Virginia. The Rucker agency had no offices in the District of Columbia, but the agency and Gilbert held non-resident insurance brokers licenses in the District.

Johnson's application for a liability policy was completed and signed in the District. In answer to questions on the application, he stated that the car would be principally garaged at his home in the District, and that it would be used for transportation to and from his work in the District and for pleasure. Gilbert made a photostatic copy of the application in his Arlington office and sent the original to Travelers' District of Columbia office. Travelers is licensed in both the District of Columbia and Virginia.

On September 29, 1964, Travelers' District of Columbia office accepted the application and issued to Johnson the liability policy, which was there duly countersigned and then mailed to the Rucker agency for unconditional delivery to Johnson. Gilbert said that to the best of his knowledge, upon receipt of the policy it was mailed to Johnson at his home address in the District. He further said that

if the policy had been handed to Johnson in the Arlington office their records would have so shown.

Johnson was unable to recall whether he received the policy through the mail or picked it up at the Rucker office in Arlington when he drove his car there to pay an installment on the premium. He further testified that when plaintiff was injured in the accident in King George county the car had been driven approximately 18,000 miles, seventy to eighty percent of which was from traveling on highways in Virginia. Most of the driving in Virginia consisted of two trips to Richmond, Virginia, each week. He admitted, however, that sometime after the accident he stated on two different occasions to a Travelers representative, which statements were reduced to writing, that most of his driving was in the District of Columbia, and that he drove to Richmond once every two weeks. His only explanation for testifying contrary to his written statements was that he was afraid the company would deny liability on his collision policy unless he said that a majority of the mileage was put on the car in the District.

Although Johnson testified that he had the original policy in his possession, plaintiff did not introduce it in evidence. But Travelers introduced in evidence a sample copy of the policy issued to Johnson by its District of Columbia office. There was no provision in the copy of the policy limiting its effective date. Nor did it provide for uninsured motorist coverage.

Plaintiff testified that Johnson drove her to her home in King George county, Virginia, which was approximately 58 miles from Washington, D.C., twice each week from January 25, 1965, until the date of the accident.

Plaintiff contends that Travelers is liable under its policy by virtue of the uninsured motorist statute, Code § 38.1-381, which by force of its provisions was made a part of the policy issued to Johnson, because (1) the policy was issued or delivered in Virginia, or both, and (2) that the automobile was principally used in Virginia.

Paragraph (a) of Code § 38.1-381 provides, *inter alia*, that:

"No policy * * * of bodily injury liability insurance, * * * covering liability arising from the * * * use of any motor vehicle * * * shall be issued or delivered in this State to the owner of such vehicle * * * or shall be issued or delivered by any insurer licensed in this State upon any motor vehicle * * * then principally

garaged * * * or principally used in this State, unless it contains a provision insuring the named insured * * *."

Paragraph (b) of the section provides:

"Nor shall any such policy or contract relating to * * * use of a motor vehicle be so issued or delivered unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle * * *."

We have held that § 38.1-381 is by force of its provisions made a part of a liability policy, and it is to be liberally construed to accomplish its intended purpose. *Storm* v. *Nationwide Ins. Co.*, 199 Va. 130, 135, 97 S. E. 2d 759, 762, 69 A.L.R. 2d 849 (1957). But even so, we must look to the words used in the statute to determine its meaning, and only the meaning of the statute as determined should be given effect. *State Farm Mutual Insurance Co.* v. *Cook*, 186 Va. 658, 666, 43 S. E. 2d 863, 867, 5 A.L.R. 2d 594 (1947).

Code § 38.1-381(a) is applicable when a policy covering liability for bodily injury arising out of the ownership or use of a motor vehicle is (1) "issued or delivered in this State to the owner of such vehicle," or (2) when "issued or delivered by any insurer licensed in this State upon any motor vehicle * * * then principally garaged * * * or principally used in this State."

Thus in order for the plaintiff to claim the benefit of the statute making its provisions a part of the policy, she must bring herself within either one of the two above mentioned categories.

■ We do not agree with the plaintiff's first contention, that the policy was issued or delivered, or both, in Virginia.

The undisputed evidence shows that the application for issuance of the policy was made in the District of Columbia by a resident of the District for liability coverage of an automobile registered, licensed and then primarily garaged in the District. The application was accepted by Travelers in its District of Columbia office. There the policy was countersigned and issued by the company's authorized agent and mailed to the Rucker agency for unconditional delivery to Johnson.

When an insurer mails a contract of insurance to its agent for unconditional delivery to the insured, delivery is effected when de-

posited in the mail. *Galloway* v. *Standard Fire Insurance Co.*, 45 W. Va. 237, 31 S. E. 969, 970 (1898); *Cantor, et al.* v. *Reserve Loan Life Ins. Co.*, 169 S. C. 338, 168 S. E. 848 (1933); 44 C.J.S., Insurance, § 265(a)(3), pp. 1060, 1061; 43 Am. Jur. 2d, Insursurance, § 25, p. 84. Thus when the policy issued to Johnson was deposited in the mail in the District it constituted a delivery to him.

Plaintiff next says that since Travelers was licensed in this State, and the evidence shows that the car was principally used on the highways of Virginia, she falls within the second category of Code § 38.1-381(a). We do not agree.

That part of the statute to which plaintiff refers is applicable when the insurer is licensed in this State and it issues or delivers a policy covering a motor vehicle *then* principally garaged or principally used in Virginia. The key word *then* refers to the place where the car is principally garaged or principally used at the time the policy is issued, and not where it is principally garaged or principally used at a subsequent time. At the time Travelers issued the policy the car was not *then* principally garaged or principally used in Virginia.

For the reasons stated, we are of opinion that Code § 38.1-381 is not applicable under the law and evidence in this case, and the judgment of the court below is

*Affirmed.*