## Richmond

GRANGE MUTUAL CASUALTY COMPANY v. CRITERION INSURANCE COMPANY, ET AL.

April 24, 1972.

Record No. 7666.

Present, All the Justices.

*James L. Miller* (*Williams, Worrell, Kelly & Worthington,* on brief), for plaintiff in error.

*Robert M. Furniss, Jr.; Furniss, Davis and Sachs,* on brief, for defendant in error, Criterion Insurance Company.

Per Curiam.

This case is a sequel to *Criterion Ins. Co.* v. *Grange Mutual,* 210 Va. 446, 171 S. E. 2d 669 (1970) and involves a controversy between two insurance companies. On January 5, 1964 six individuals were injured in an automobile accident involving an automobile owned by Henry O. Mangrum and operated by Thomas C. Burleson and another owned by Fred W. McDaniel and operated by Melvin L. Langfitt. Grange Mutual Casualty Company had issued its policy covering the McDaniel car and Criterion Insurance Company covered the Mangrum car. McDaniel and Langfitt were sued by the injured persons.

Grange denied coverage and if its position is sound the injured parties have claims against Criterion by virtue of an uninsured motorist provision found in the policy of Mangrum.

Criterion filed a motion for a declaratory judgment against Grange and others to determine the liability of the two companies under their respective policies. Following our decision in *Criterion* v. *Grange, supra,* the lower court held that Grange was liable under the terms of its policy, and we awarded appellant a writ of error to consider the correctness of this holding.

We find it unnecessary to consider here appellant's assignment of error which questions the validity of service of process on it under Code § 8-81.2 (1971 Cum. Supp.), Virginia's Long Arm Statute. Neither is it necessary that we consider appellant's contention that at the time of the accident the McDaniel car was not being operated by Langfitt with the consent of the owner, McDaniel. We do consider the assignment which challenges the holding of the lower court that the omnibus coverage provisions of Code § 38.1-381 apply to the liability policy written by Grange on the McDaniel car, notwithstanding a provision therein denying coverage when the insured's automobile was being operated "by any person other than the named insured or a member of the named insured's family".

Fred W. McDaniel, a resident of Casstown, Ohio, enlisted in the United States Navy in June, 1960. On November 26, 1962, while home for the weekend, McDaniel purchased a 1959 model Chevrolet automobile from Hopkins Chevrolet-Oldsmobile, New Carlisle, Ohio. All papers incident to the purchase of the vehicle showed McDaniel's address to be Casstown, Ohio. The car was registered in McDaniel's name and licensed in Ohio. Application for a liability insurance policy was made to Grange through its agent, William K. Bookwalter, Troy, Ohio. The policy was issued to McDaniel and mailed to him at his address, given as Route 1, Casstown, Ohio, and it covered a period from December 1, 1962 to June 1, 1963. It was automatically renewable for succeeding terms of six months by payment of the premium before the expiration of the current period and its acceptance by the company. Attached to the policy was an endorsement which read:

"It is hereby understood and agreed that such insurance as is afforded by the policy shall not apply when the insured automobile is being operated by any person other than the named insured or a member of the named insured's family."

The policy was "picked up" by McDaniel when he was at home for a weekend. On January 5, 1963 he had the liability limits increased so that he could obtain a sticker which would permit him to drive on and off the Naval Base at Norfolk. He was serving aboard the USS Intrepid and Norfolk was her home base.

On March 23, 1963 McDaniel was married to a girl who was then attending Ohio State University. Soon thereafter they obtained an apartment at 2507 Granby Avenue, Norfolk, Virginia, where his wife resided and where McDaniel also resided when he "was in from sea".

The McDaniels were in Ohio visiting on November 21, 1963, at which time he paid Grange's agent, Bookwalter, the premium due on the policy for the six-month period beginning December 1, 1963. At that time McDaniel said that he advised Bookwalter that he was married and gave him his Norfolk address. On the evening of January 4, 1964 McDaniel loaned his automobile to Melvin L. Langfitt, a shipmate. It was during the time that Langfitt was driving the car that it was involved in an accident with the Mangrum vehicle which resulted in personal injuries to numerous parties.

The statute involved here is Code § 38.1-381. Paragraph (a) of this section provides, *inter alia*, that:

"No policy * * * of bodily injury liability insurance, * * * covering liability arising from the * * * use of any motor vehicle * * * shall be issued or delivered in this State to the owner of such vehicle * * * or shall be issued or delivered by any insurer licensed in this State upon any motor vehicle * * * then principally garaged * * * or principally used in this State, unless it contains a provision insuring the named insured * * *."

Manifestly we are not concerned with that part of the statute which refers to a policy "issued or delivered by any insurer licensed in this State upon any motor vehicle then principally garaged or used in this State". The evidence is conclusive that Grange was not then licensed in Virginia and did no business in this state. It had no agents, solicitors or producers here, and it transacted no business and owned no property in Virginia. It was organized in Ohio and had its principal place of business there.

Therefore the narrow question for our decision is whether the policy was "issued or delivered in this State [Virginia] to the owner [McDaniel] of such vehicle". And it is resolved by our holding in

*Rose* v. *Travelers Indemnity Co.*, 209 Va. 755, 167 S. E. 2d 339 (1969). There Johnson, a resident of and employed in Washington, D. C., purchased an automobile which was registered in the District of Columbia and bore District license plates. Johnson made an application for a liability policy to a representative of the George H. Rucker Insurance Agency, Inc., a Virginia corporation with offices in Arlington. The agency and its representative held non-resident broker's insurance licenses in the District. The application was completed and signed in the District. Travelers accepted the application and issued and countersigned to Johnson the liability policy. It then mailed the policy to the Rucker agency for unconditional delivery to Johnson. A representative of the Rucker agency testified that to the best of his knowledge, upon receipt thereof, it was mailed to Johnson at his home address in the District.

In *Rose* we said that Code § 38.1-381 is by force of its provisions made a part of a liability policy, and is to be liberally construed to accomplish its intended purpose. However, we further said "we must look to the words used in the statute to determine its meaning, and only the meaning of the statute as determined should be given effect", and we held:

> "We do not agree with the plaintiff's first contention, that the policy was issued or delivered, or both, in Virginia.

> \* \* \*

> "When an insurer mails a contract of insurance to its agent for unconditional delivery to the insured, delivery is effected when deposited in the mail. [Citing cases and authorities.] Thus when the policy issued to Johnson was deposited in the mail in the District it constituted a delivery to him." 209 Va. at 758-59, 167 S. E. 2d at 342.

In the instant case the evidence establishes that the application for liability insurance was made in Ohio by McDaniel, a resident of that state, who was then serving aboard a ship that was based at the Norfolk Naval Base in Virginia. It covered an automobile purchased, titled and licensed in Ohio. The car remained in Ohio from the time of its purchase until January, 1963. An application for liability insurance was taken in that state by an Ohio agent of Grange and forwarded to the company. The agent was advised by McDaniel that he was in the service and that the car would be principally used for

weekend trips from Norfolk to Ohio and back to Norfolk. The application was accepted and the policy was issued and countersigned by Grange. Delivery of the policy was effected by placing it in the mail in Columbus, Ohio for delivery in normal course to McDaniel at the Ohio address he gave as his permanent address. Further, the evidence is that the policy was in fact received personally by McDaniel at the Ohio address to which the policy was mailed. Clearly the policy was not issued or delivered in Virginia to McDaniel.

This being true, there was no requirement that Grange should have included the "omnibus clause" as a part of the policy, and it was not so included by virtue of the provisions of Code § 38.1-381. The endorsement which limited the policy coverage to the named insured and his immediate family was valid and applicable. Melvin L. Langfitt was not a member of the family of McDaniel, and the policy did not afford him coverage for the claims arising out of the accident that occurred on January 5, 1964.

Accordingly, the judgment of the lower court is reversed and final judgment will be entered here in favor of Grange Mutual Casualty Company.

*Reversed and final judgment.*