Robert Lee WOOD, Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INS. CO. and Transport Insurance
Company, Defendants.

Civ. A. No. 74–90.

United States District Court,
W. D. Virginia.

March 1, 1977.

Evans B. Jessee, Roanoke, Va., for plaintiff.

Richard C. Rakes, Gentry, Locke, Rakes & Moore, Roanoke, Va. for St. Farm.

Ronald M. Ayers, Woods, Rogers, Muse, Walker & Thornton, Roanoke, Va., for Transport Ins. Co.

FINAL OPINION AND JUDGMENT

DALTON, District Judge.

Plaintiff was a passenger in a truck, owned by his employer and operated by another employee, which was involved in a collision with an uninsured motorist in Ohio. The plaintiff received serious personal injuries and the uninsured motorist was killed. Plaintiff obtained a judgment for $35,-000.00 against the estate of the uninsured motorist. Plaintiff is a Virginia resident and at the time of the accident had two automobiles, principally garaged in Virginia, which were covered by liability insurance issued and delivered in Virginia by the State Farm Mutual Automobile Ins. Co. The employer's truck in which plaintiff was riding was insured by liability insurance issued by the Transport Insurance Co. At the time the liability policy was issued insuring the truck it was principally garaged and docked in North Carolina and was not principally used in Virginia. Subsequent to the issuance of the policy, it was brought to Virginia as a replacement vehicle where it

was docked until the time of the accident. Plaintiff's employer is Hennis Freight Line, a corporation incorporated and having its principal place of business in North Carolina.

Each of plaintiff's two liability policies issued by State Farm contained uninsured motorist coverage of $15,000.00, for a total coverage of $30,000.00 but limited by statute to the amount of the judgment obtained against the uninsured motorist. The defendant State Farm has admitted liability, and the parties have stipulated the respective amounts of recovery contingent upon the liability of the Transport Insurance Company. Therefore, the only question this court must consider is whether the Transport Insurance Company was required by law to afford uninsured motorist protection to plaintiff.

Neither the plaintiff nor State Farm asserts that North Carolina affords uninsured motorist coverage, and they do not contend that the policy was "issued or delivered in this state". However, plaintiff does contend that the Virginia uninsured motorist coverage should be read into the North Carolina policy.

Defendant Transport maintains that this court must apply the law of Virginia which he concludes looks to the law of North Carolina to interpret the insurance contract.

It is elementary that in a diversity action this court applies the law of the forum state, including the conflict of laws rule of that state. *Day and Zimmerman, Inc. v. Challoner*, 423 U.S. 3, 96 S.Ct. 167, 46 L.Ed.2d 3 (1975). Further, the general rule in Virginia is that in interpreting a contract of insurance the courts must look to the place where the policy was delivered. *Hardware Mutual Casualty Co. v. Wendlinger*, 146 F.2d 984 (4th Cir. 1944), *cert. denied* 324 U.S. 882, 65 S.Ct. 1029, 89 L.Ed. 1432 (1945). However, the present case does not involve the interpretation of a policy of insurance but rather it presents first the question of whether Virginia would imply its uninsured motorist provisions within the contract irrespective of the contract provisions and irrespective of where the policy was issued or delivered.

Va. Code Ann. § 38.1–381(a) provides, in pertinent part, that any liability policy "issued or delivered in this state" or "issued or delivered by any insurer licensed in this state upon any motor vehicle . . . then principally garaged or docked or principally used in this state . . ." must contain an omnibus clause. Va. Code Ann., § 38.1–381(b) provides that "no such policy contract . . . shall be so issued or delivered" without uninsured motorist coverage.

Therefore, uninsured motorist coverage exists pursuant to the Virginia statute if (1) a liability policy is issued or delivered in this state insuring a motor vehicle or (2) an insurer, licensed in this state, issues or delivers a liability policy insuring a motor vehicle then principally garaged or docked or principally used in this state.

The parties are in agreement that the policy was not issued or delivered in this state. Consequently, the question is whether the insurer, at the time the policy was issued or delivered, was licensed in Virginia, and whether the motor vehicle was ". . . then principally docked or garaged or principally used in this state . . ."

The statute clearly mandates this analysis before the court can apply Virginia's general conflict of laws principle which requires an interpretation of a contract of insurance to be made in accordance with the laws of the state in which the policy was delivered or issued. Axiomatic to this analysis is the fact that the initial question does not involve the interpretation of a contract but rather it involves the specific statutory language providing uninsured motorist coverage in the event that the liability policy is issued by a company, licensed in Virginia, covering a motor vehicle then principally garaged, used, or docked in this state. In the event that any one of these conditions is not met the court would have to look to the law of North Carolina to determine its interpretation of the contract or determine if it would afford uninsured motorist coverage.

In the relevant portion of *Rose v. Travelers Indemnity Co.*, 209 Va. 755, 167 S.E.2d 339 (1969) the defendant, Travelers Indemnity Co., was licensed in Virginia and delivered a policy of liability insurance in the District of Columbia covering plaintiff's automobile which was then principally garaged in Washington, D.C. but which, subsequently, was principally used in Virginia. The plaintiff maintained, in part, that she was entitled to coverage under the second provision of Va. Code Ann. § 38.1-381(a) relating to coverage when a policy is issued or delivered by an insurer licensed in Virginia upon a motor vehicle then principally garaged, docked, or used in this state. In denying uninsured motorist coverage the court stated:

> That part of the statute to which plaintiff refers is applicable when the insurer is licensed in this state and it issues or delivers a policy covering a motor vehicle *then* principally garaged or principally used in Virginia. The key word *then* refers to the place where the car is principally garaged or principally used at the time the policy is issued, and not where it is principally garaged or principally used at a subsequent time. At the time Travelers issued the policy the car was not *then* principally garaged or principally used in Virginia.

Id., 209 Va. 755, 759, 167 S.E.2d 339, 342-343.

The language of *Rose* is clear that the court must determine whether the conditions of the statute are met at the time the policy is issued. At the time this policy was issued the truck involved in the collision was principally garaged and docked in North Carolina and was not principally used in Virginia. Plaintiff and the defendant State Farm, in an attempt to obviate the necessary conclusion resulting from that fact, have argued that assuming the replaced vehicle was entitled to uninsured motorist coverage, then the replacing vehicle should be treated as an equivalent and should be afforded the same coverage in order to effectuate the policy of the statute.

The uninsured motorist statute should be liberally construed; however, the court "must look to the words used in the statute to determine its meaning, and only the meaning of the statute as determined should be given effect." *Rose v. Travelers Indemnity Co., supra,* at 758, 167 S.E.2d at 342.

Although the plaintiff's and State Farm's arguments are not without some appeal, it is not the function of this court to extend uninsured motorist coverage when the Virginia legislature has not seen fit to do so. The Virginia Supreme Court has indicated that the unambiguous language is to be given effect, and this court is bound to do so. The language is unambiguous and it requires that the insured vehicle be principally garaged, docked, or used in this state at the time the policy is issued. The conditions have not been met and there is no Virginia uninsured motorist coverage. In terms of conflict of laws this is no more than a finding that Virginia would not seek to apply its law to this contract and the general conflict of laws principle is to be applied.

This court must look to North Carolina to interpret the contract and determine whether uninsured motorist coverage exists. Because the parties are in agreement that no uninsured motorist coverage is provided by North Carolina, and looking to whether coverage is provided by the terms of the contract, this court is constrained to conclude that neither the plaintiff nor the defendant State Farm may look to Transport for either insurance, indemnification, or contribution.

Judgment for the defendant Transport Insurance Company and judgment in favor of plaintiff and against State Farm Mutual Automobile Ins. Co. in the amount of $10,000.00 in accordance with the stipulations of the parties.