48 F.3d 1216
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Clifton Scott MOODY, Plaintiff-Appellee,
v.
FEDERATED MUTUAL INSURANCE COMPANY; Daugherty Brothers
Chevrolet, Incorporated,Defendants-Appellants,
and
South Carolina Insurance Company; Charles Bartlett, Defendants.
 No. 94-1981.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 5, 1994.
Decided Feb. 22, 1995.
 
 ARGUED: Howard Chowning McElroy, White, Bundy, McElroy, Hodges & Sargent, Abingdon, VA, for appellants. Mary Lynn Tate, Tate, Lowe & Rowlett, P.C., Abingdon, VA, for appellee. ON BRIEF: Florence A. Powell, Freeman & Evans, Marion, VA, for appellants. E.G. Moody, Hawkins, Moody & Miller, P.C., Kingsport, TN, for appellee.
 Before WILKINSON and MOTZ, Circuit Judges, and MESSITTE, United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 I.
 
 1
 In this declaratory judgment action involving insurance coverage, Federated Mutual Insurance Company (Federated) appeals from the district court's grant of summary judgment in favor of Appellee Clifton Moody (Moody) and the court's denial of Federated's own motion for summary judgment. We review a district court's grant of summary judgment de novo and apply the same standards used by the district court. Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1127-28 (4th Cir.1987). We find the district court ruled correctly in this case and shall affirm.
 
 II.
 
 2
 The facts are not disputed. On or about May 15, 1991, in Scott County, Virginia, Moody was injured in a motor vehicle accident while test driving an automobile for his employer, Daugherty Brothers Chevrolet, Incorporated. He brought this action against Federated, his employer's insurer, to determine his entitlement to coverage under the employer's policy. The automobile Moody was driving was not owned by his employer, but by a patron of the employer's car repair business. Neither Moody nor the owner of the car carried individual sured/underinsured portion of his employer's policy.
 
 
 3
 While the express terms of Federated's policy sought to limit uninsured motorist coverage to owned autos only--the auto in question not being owned by Moody's employer--the district court held that that provision violated Virginia's statute requiring uninsured motorist coverage on all motor vehicles covered by a liability policy. See Wood v. State Farm Mut. Auto Ins. Co., 432 F.Supp. 41, 42 (W.D.Va.1977); Insurance Co. of North America v. MacMillan, 945 F.2d 729, 730 (4th Cir.1991). Because the automobile Moody was driving would have been covered under the liability portion of the Federated policy, the court held that the limiting clause was void and that uninsured motorist coverage should have been provided. See State Farm Mut. Auto Ins. Co. v. United Servs. Auto Ass'n, 176 S.E.2d 327 (Va.1970). Accordingly, the Court granted Moody's Motion for Summary Judgment, while denying that of Federated.
 
 
 4
 We believe the District Court fully and fairly analyzed all the issues before it and adopt its reasoning as our own.*
 
 
 5
 AFFIRMED.
 
 
 
 *
 Federated also argues noncoverage based on the fact that Moody's employer took off that car's Tennessee plates and substituted its own Virginia dealer plates. Since Federated's obligation to provide uninsured/underinsured coverage existed independently of whether dealer plates were used, we find it unnecessary to address this argument