65 F.3d 166
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
GULF INSURANCE COMPANY, Plaintiff-Appellee,
v.
Jeanette S. DAVIS, Guardian for Melvin W. Davis, Jr.,
Incapacitated, Defendant-Appellant.
 No. 94-2123.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 5, 1995.
Decided: August 15, 1995.
 
 ARGUED: Gene Raye Jones, Zwerdling, Oppleman & Paciocco, Richmond, VA, for appellant. Robert Barnes Delano, Jr., Sands, Anderson, Marks & Miller, Richmond, VA, for appellee. ON BRIEF: Kenneth W. Paciocco, Zwerdling, Oppleman & Paciocco, Richmond, VA, for Appellant. John A. Conrad, Sands, Anderson, Marks & Miller, Richmond, Virginia, for Appellee.
 Before HAMILTON and LUTTIG, Circuit Judges, and FABER, United States District Judge for the Southern District of West Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Jeanette Davis, appointed guardian for Melvin Davis (Davis),* appeals from a judgment declaring that Davis is not entitled to receive any underinsured or uninsured motorist benefits under a policy issued by Appellee Gulf Insurance Company (Gulf). Because we conclude the district court erred in failing to apply the conflict of law provision contained in Virginia Code section 38.2-2206, see Va.Code Ann. Sec. 38.2-2206A (Michie Supp.1995), and its accompanying substantive provisions, we reverse and hold that Davis is afforded underinsured and uninsured motorist coverage up to $1,000,000 under the policy issued by Gulf.
 
 I.
 
 2
 On June 29, 1993, Davis, a resident of Virginia, and Winona Campbell (Campbell) were involved in a serious automobile collision in Virginia with Amy Rutherford (Rutherford). This collision proved fatal to Campbell and caused serious injury to Davis and the passengers in Rutherford's car. At the time of the collision, Davis was driving Campbell's car with her permission. The parties do not dispute the fact that Rutherford negligently caused the accident. Rutherford was insured by Aetna Casualty and Surety Company under a motor vehicle liability policy providing liability coverage up to $300,000 per accident. As a result of the settlement of claims with other passengers, only $187,414 of coverage under Rutherford's policy remained available for payment of any claims asserted by Davis. In an attempt to recover his damages, Davis brought an action against Rutherford in Virginia state court, alleging he sustained injuries and damages as a result of her negligence. Davis' medical expenses and claims for pain and suffering are expected to far exceed the remaining amount of Rutherford's coverage.
 
 
 3
 Consequently, Davis sought recovery from Gulf, his insurer, under the uninsured (UM) and underinsured (UIM) motorist provisions of a motor vehicle liability policy covering his 1985 Kenworth Tractor-Trailer (the Gulf Policy), which policy by its stated terms provides up to $50,000 in UM and UIM coverage. The Gulf Policy was issued in Missouri to the National Association of Independent Truckers (NAIT), which has its principal place of business in Missouri and provides various benefits to independent owner/operators, such as Davis. NAIT was the named insured under the Gulf Policy for owner/ operators as declared. Gulf issued Davis a Certificate of Insurance (the Certificate), which was proof of his insured status under the Gulf Policy and thus was tantamount to the Gulf Policy with respect to Davis. When Gulf issued Davis his Certificate, it did so without providing him any notice of an option to apply for or reject higher limits for his UM/UIM coverage. The Certificate reflected coverage for Davis' tractor-trailer with liability coverage of $1,000,000 and UM and UIM coverage of $50,000. At all relevant times, Davis' tractor-trailer was principally garaged in Virginia and Gulf was licensed to transact business in Virginia. According to Davis, Virginia Code section 38.2-2206A requires that the Gulf Policy provide him with UM and UIM coverage equal to his liability coverage of $1,000,000.
 
 
 4
 Gulf denied Davis benefits under the Gulf Policy, because $187,414 remained available under Rutherford's policy. Subsequently, Gulf filed a declaratory judgment action in federal district court in Virginia, seeking a declaration that "the total amount of uninsured/underinsured motorist coverage, if any, for which it is liable under the certificate of insurance issued to Davis is limited to $50,000.00...." (J.A. 8). Davis answered and sought the following declarations: (1) Virginia Code section 38.2-2206A required Gulf to provide him with notice that his UM and UIM coverage would equal the amount of his liability coverage unless he rejected such coverage; (2) Gulf failed to provide such an option; (3) the Gulf Policy must be reformed to provide UM and UIM coverage of $1,000,000.
 
 
 5
 On cross motions for summary judgment, the district court granted Gulf's motion for summary judgment and denied Davis' motion. Ruling from the bench, the district court held Missouri law governed the interpretation of the Gulf Policy and that under Missouri law, Davis was not entitled to recover any UM or UIM coverage under the Gulf Policy because Rutherford's policy provided liability coverage in the amount of $300,000, of which $187,414 remained available for payment to Davis. Davis appeals.
 
 II.
 
 6
 Fed.R.Civ.P. 56(c) requires that the district court enter judgment against a party who, "after adequate time for discovery ... fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To prevail on a motion for summary judgment, a party must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) it is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If "the evidence [is] so one-sided that one party must prevail as a matter of law," we must affirm the grant of summary judgment in that party's favor. Id. at 268. Mere speculation cannot stave off a properly supported motion for summary judgment. See Beale v. Hardy, 769 F.2d 213, 214 (4th Cir.1985). Rather, to survive a motion for summary judgment, a party may not rest on his pleadings, but must demonstrate that specific, material facts exist that give rise to a genuine issue. See Celotex Corp., 477 U.S. at 324. As the Anderson Court explained, the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff," Anderson, 477 U.S. at 252. We review de novo a grant of summary judgment. See Cooke v. Manufactured Homes, Inc., 998 F.2d 1256, 1260 (4th Cir.1993).
 
 A.
 
 7
 The threshold issue that we must resolve is the appropriate choice of law rule. Pursuant to Erie Railroad v. Tompkins, 304 U.S. 64, 78-79 (1938), a federal court exercising diversity jurisdiction, as here, must apply the substantive law of the forum state in which it sits. Extrapolating from Erie, the Supreme Court concluded in Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487, 496 (1941), that choice of law is a substantive matter, and therefore federal courts exercising diversity jurisdiction must apply the choice of law rule of the forum state; here, Virginia. Virginia law, therefore, governs the choice of law rule that we must apply.
 
 
 8
 The parties agree that Virginia's choice of law rule applies, but they urge different choice of law rules under Virginia law. According to Gulf, the common law rule applies, and under this rule, "the law of the place where an insurance contract is written and delivered controls issues as to its coverage," Buchanan v. Doe, 431 S.E.2d 289, 291 (Va.1993). Gulf asserts that under this common law rule of Virginia law, Missouri law would apply because the insurance contract was written and delivered in Missouri. Conversely, Davis contends that Virginia Code section 38.2-2206 contains a choice of law provision, and, under this provision, Virginia statutory law, not Missouri law, applies to resolve this suit.
 
 
 9
 Section 38.2-2206A provides in pertinent part:
 
 
 10
 Except as provided in subsection J of this section, no policy or contract of bodily injury or property damage liability insurance relating to the ownership, maintenance, or use of a motor vehicle shall be issued or delivered in this Commonwealth to the owner of such vehicle or shall be issued or delivered by any insurer licensed in this Commonwealth upon any motor vehicle principally garaged or used in this Commonwealth unless it contains an endorsement or provisions undertaking to pay the insured all sums that he is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within limits not less than the requirements of Sec. 46.2-472. Those limits shall equal but not exceed the limits of the liability insurance provided by the policy, unless the insured rejects the additional uninsured motorist insurance coverage by notifying the insurer as provided in subsection B of Sec. 38.2-2202. This rejection of the additional uninsured motorist insurance coverage by any one named insured shall be binding upon all insureds under such policy as defined in subsection B of this section. The endorsement or provision shall also obligate the insurer to make payment for bodily injury or property damage caused by the operation or use of an underinsured motor vehicle to the extent the vehicle is underinsured, as defined in subsection B of this section.
 
 
 11
 Va.Code Ann. Sec. 38.2-2206A (Michie Supp.1995) (emphasis added). The courts of Virginia have not stated explicitly that section 38.2-2206A is a choice of law provision, but in Rose v. Travelers Indemnity Co., 167 S.E.2d 339 (Va.1969), the Supreme Court of Virginia implicitly concluded that the precursor of section 38.2-2206A contained a choice of law provision. In Rose, Richard Johnson (Johnson), a resident of the District of Columbia, purchased and was issued an insurance policy from Travelers Indemnity Company's District of Columbia office that did not contain an endorsement for uninsured motorist coverage. Id. at 341. While the vehicle was registered and principally garaged in the District of Columbia at the time the policy was issued, Johnson subsequently used the vehicle regularly in Virginia. Id. Consequently, following a motor vehicle collision caused by an uninsured motorist, Patricia Rose (Rose), a passenger in Johnson's vehicle who was injured in the accident, attempted to recover $12,000 in uninsured motorist coverage pursuant to the precursor of section 38.2-2206A, section 38.1-381A. Significantly, despite the fact that the policy was purchased and issued in the District of Columbia, the Supreme Court of Virginia held that Rose could claim the benefit of the statute if she could bring herself within one of the two categories listed in section 38.2-2206A: (1) the policy was issued or delivered in Virginia or (2) the insurer was licensed to transact business in Virginia and the insured vehicle was principally garaged or used in Virginia. Id. at 342. Therefore, the Rose court impliedly recognized that section 38.2-2206 was a choice of law provision. Id. at 342.
 
 
 12
 Likewise, in Bray v. Insurance Co. of the State of Pennsylvania, 917 F.2d 130 (4th Cir.1990), under facts similar to the instant case, we applied section 38.2-2206A to a policy issued in Pennsylvania and concluded that by the plain language of that section the policy afforded the insured uninsured motorist coverage in an amount equal to his liability coverage of $1,000,000. Accord Wood v. State Farm Mutual Auto Ins. Co., 432 F.Supp. 41, 42-43 (W.D.Va.1977). Fourth Circuit precedent, therefore, has implicitly recognized that section 38.2-2206A is a statutory choice of law provision that supplants the common law rule.
 
 
 13
 In addition to Rose and Bray, The Restatement (Second) of Conflicts Sec. 6(1) (1971) articulates principles to employ in determining whether a statute is or contains a choice of law provision. Section 6(1) provides: "[a] court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law." Thus, if a state statute provides for choice of law, it is dispositive, rather than the state common law rule. The comment to section 6(1) provides:
 
 
 14
 The court should give a local statute the range of application intended by the legislature when these intentions can be ascertained and can constitutionally be given effect. If the legislature intended that the statute should be applied to the out-of-state facts involved, the court should so apply it unless constitutional considerations forbid.
 
 
 15
 Id. cmt. b. Applying the principles of Rose, Bray, and Sec. 6(1) of The Restatement (Second) of Conflicts and its accompanying comment b, we conclude that section 38.2-2206A is a choice of law provision which mandates that Virginia law apply if the facts of the case come within its purview. Accordingly, the district court erred in applying Virginia's common law choice of law rule to find that Missouri law controlled the disposition of this suit. As recognized by Virginia courts, uninsured motorist statutes are remedial in nature and are to be construed liberally in favor of insurance protection for qualified claimants. See, e.g., Tudor v. Allstate Ins. Co., 224 S.E.2d 156, 158 (Va.1976); Grossman v. Glen's Falls Ins. Co., 176 S.E.2d 318, 320 (Va.1970).
 
 
 16
 Having concluded Virginia Code section 38.2-2206A is a statutory choice of law provision, we conclude further that the facts of this case come within its purview: Gulf was licensed to transact business in Virginia and Davis' tractor-trailer was principally garaged in Virginia. Accordingly, before Davis became an insured under the Gulf Policy, Gulf was bound to notify him that his UM and UIM coverage would equal the amount of his liability coverage unless he rejected such amount of coverage. See Va.Code Ann. Secs. 38.2-2206A, 38.2-2202B.
 
 B.
 
 17
 Having concluded that Virginia Code section 38.2-2206A is a choice of law provision mandating that Virginia law applies, we turn to an analysis of whether Gulf complied with the substantive provisions of this statute. At the time Gulf issued Davis the Certificate, which, as stated, was tantamount to issuing him the Gulf Policy, Virginia law required that every insurance policy issued to the owner of a motor vehicle principally garaged in Virginia provide both personal injury liability coverage of at least $25,000/$50,000 per accident and an equal amount of UM and UIM coverage. See Va.Code Ann. Secs. 38.2-2206A, 46.2-472. If a motorist carries more than the minimum liability limits of coverage, then an insurance policy issued to the owner of a motor vehicle principally garaged in Virginia by an insurance company licensed to transact business in Virginia must furnish UM and UIM coverage in an amount equal to the limits of liability insurance provided by the policy, see Va.Code Ann. Sec. 38.2-2206A, unless the named insured rejects the additional UM or UIM coverage by notifying the insurer in writing, see Va.Code Ann. Sec. 38.2-2202B; State Farm Mut. Auto. Ins. Co. v. Weisman, 441 S.E.2d 16, 18 (Va.1994). The insurer must notify the insured of his options. See id.
 
 
 18
 Here, Gulf failed to notify Davis of his option to reject UM and UIM coverage in an amount equal to his liability coverage, and thus, Davis never had the opportunity to reject such coverage. Section 38.2-2206A, therefore, mandates that Davis' UM and UIM coverage "shall equal ... the limits of the liability insurance provided by the policy." Accordingly, we reform the Gulf Policy to provide Davis with UM and UIM coverage in an amount up to $1,000,000. See Bray, 917 F.2d at 132 (reforming motor vehicle liability insurance policy to provide UIM coverage in an amount equal to the liability coverage). Therefore, we hold that the district court should have declared that the Gulf Policy provided Davis with UM and UIM coverage in an amount up to $1,000,000.
 
 III.
 
 19
 In sum, we hold that Virginia Code section 38.2-2206A is a statutory choice of law provision that supplants Virginia's common law choice of law rule. The district court, therefore, erred in applying the common law choice of law rule rather than Sec. 38.2-2206A. Applying the substantive provisions of this section, we hold that Davis was entitled to notice that his UM and UIM coverage would equal his liability coverage unless he rejected such coverage in writing. Gulf having failed to provide Davis with the statutory notice of his option to purchase/reject the higher UM and UIM coverage, the Gulf Policy is reformed to provide Davis UM and UIM coverage in an amount up to $1,000,000. The judgment of the district court is reversed.
 
 
 20
 REVERSED.
 
 
 
 *
 Because of the incapacity of Melvin Davis, Jeanette Davis was appointed his guardian and defended this declaratory judgment action on his behalf. Because the facts of this case concern Melvin Davis, we refer to him as defending this suit