## CIRCUIT COURT OF THE CITY OF NORFOLK

Toya Hovington,
an infant, etc.

v.

Troy A. Lara

Case No. (Law) L95-1815

Allen L. Mims

v.

Troy A. Lara

Case No. (Law) L95-1816

February 4, 1997

BY JUDGE MARC JACOBSON

Toya Hovington, an infant, and Allen L. Mims (Plaintiffs) were injured when the car which Plaintiff Mims was driving and in which Plaintiff Toya Hovington was a passenger was struck by a car driven by Troy A. Lara (Defendant). The Defendant was uninsured at the time of the accident, and Plaintiff Mims was driving a car owned by his brother, Jerold J. Townes. Townes was visiting from Florida, where the car was registered and insured. When procuring the liability insurance policy from Progressive Bayside Insurance Company (Progressive), Townes specifically rejected the uninsured motorist coverage as permitted by Florida law. The policy provided, however, that if the owner drove the insured vehicle out of Florida for a period not to exceed sixty days, the policy coverage would automatically increase to the minimum amount required by any applicable law of the state into which the vehicle was driven. There is no dispute that the vehicle operated by Plaintiff Mims at the time of the accident was in Virginia for less than sixty days.

Progressive was served in each of the above-captioned actions in its capacity as an uninsured motorist carrier. Progressive has moved for summary judgment on the ground that uninsured motorist coverage is not required by Virginia law and, therefore, not part of the policy issued by Progressive to Townes and not in effect at the time of the accident. Progressive further claims that since Townes rejected uninsured motorist coverage in Florida that that election is binding upon Plaintiffs in Virginia. Plaintiffs contend that uninsured motorist coverage, in at least a minimum amount, is required by Virginia law.

Virginia is not a compulsory motor vehicle liability insurance state. *Reliance Ins. Cos. v. Darden*, 217 Va. 694, 696, 232 S.E.2d 749, 750 (1977). This means that no motorist, whether a Virginia resident or non-resident, is required to have any insurance coverage before driving a vehicle in Virginia. *Id.* Even if an owner decides to secure insurance, Virginia law, because of its voluntariness, proscribes no minimum amount of coverage. *See id.* Consequently, an out-of-state insurance endorsement of a policy issued outside of Virginia does not enlarge coverage for an accident that occurs in Virginia. *See id.*

In only one circumstance are motorists in Virginia required to have insurance. If a vehicle is involved in an accident that is reported to the Commissioner, then the owner of the vehicle must provide proof of either a bond or a liability policy subject to the $25,000/$50,000 minimum coverage amounts of Code § 46.2-472. Va. Code Ann. § 46.2-372 (Michie 1996). Neither § 46.2-372 nor § 46.2-472, however, require uninsured motorist coverage, even if an accident is reported.

Virginia law does require that if an insurance policy is issued or delivered in Virginia, or if a policy is issued or delivered on a vehicle principally garaged or used in Virginia, then that policy must contain uninsured motorist coverage in the minimum amount. Va. Code Ann. § 38.2-2206 (Michie 1994). This Code provision applies only to Virginia policies or Virginia vehicles and does not apply to policies issued in other states or to cars principally garaged or used outside of Virginia. *Rose v. Travelers Indem. Co.*, 209 Va. 755, 167 S.E.2d 339 (1969).

Plaintiffs would contend Virginia Code § 38.2-2206 applies to all policies because Virginia law does not allow an insured motorist to decline coverage. (Mem. Law Opp'n Def.'s Mot. Summ. J. at 2-3.) In support of their proposition, Plaintiffs cite two federal cases, *Insurance Co. of N.A. v. MacMillan*, 945 F.2d 729 (4th Cir. 1991), and *White v. National Ins. Co.*, 913 F.2d 165 (4th Cir. 1990). These two cases, however, involved policies issued on vehicles principally garaged in Virginia and, therefore, are inapposite.

Defendant correctly asserts that Florida law permitted Townes to decline uninsured motorist coverage, and this election is binding on the Plaintiffs. (Mem. Law Supp. Def.'s Mot. Summ. J. at 2.) No Virginia law requires out-of-state motorists to have uninsured motorist coverage, even if they were involved in an accident that was reported to the Commissioner.

The policy at issue in this case increases coverage in two instances. First, the policy increases the liability limits "to meet those required by law in the jurisdiction where the covered auto is being used." (Policy ¶ 7(D)(a).) This paragraph does not apply because this is not a claim for liability but instead for uninsured motorist coverage. Even if it were for liability, the Supreme Court's decision in *Reliance* would prevent any increase in the liability limits.

Second, the policy provides "the minimal amounts and types of other coverage required of out-of-state vehicles by the jurisdiction where the covered auto is being used." (Policy ¶ 7(D)(b).) This paragraph does not apply to this case because of the Supreme Court's decision in *Rose*. An out-of-state motorist need not obtain uninsured motorist coverage before operating a vehicle in Virginia, regardless of whether or not he has been involved in an accident. The Plaintiffs have alleged that the car was involved in an accident in Virginia but have not alleged that it was reported to the Commissioner. Therefore, they have not created a factual issue for this Court. *See* R. Sup. Ct. Va. 3:18. But even if the Plaintiffs did allege that the accident was reported, Virginia Code §§ 46.2-372 and 46.2-472 only require proof of a liability policy in a minimum amount. That policy need not be issued by an insurance carrier authorized to do business in the Commonwealth, and the statute does not require the policy to contain uninsured motorist coverage. Therefore, sub-paragraph (b) in Policy paragraph 7(D) does not apply to this case.

The Court concludes, as a matter of law, that Progressive does not have an obligation to provide uninsured motorist coverage for or on behalf of the Defendant or for the benefit of the Plaintiffs in the above-styled actions, and the Court grants the Motion for Summary Judgment of Progressive and as to Progressive only and each of the above-captioned actions is dismissed as to Progressive.