## CIRCUIT COURT OF THE CITY OF RICHMOND

Prudential Property and
Casualty Insurance Co.

v.

Thomas N. Jeffers,
Carolyn Jeffers, and
Nationwide Mutual Insurance Co.

February 23, 1982

Case No. LE-734

By JUDGE WILLARD I. WALKER

This matter is before the court on the demurrer of Nationwide Mutual Insurance Company to the amended motion for judgment.

The facts in this case, as stated in the amended motion for judgment, are as follows.

In his capacity as the manager of the Brookland Park Shell service station, the defendant Thomas N. Jeffers received a call to assist a vehicle in distress. While responding to this call, in a tow truck owned by Brookland Park Shell, Jeffers was fired upon by an unknown assailant. Using a shotgun contained in the tow truck, Jeffers returned the fire and Jerome Johnson was wounded as a result. Jerome Johnson has instituted a lawsuit against Thomas Jeffers in this court, seeking compensatory and punitive damages as a result of his wounding. The plaintiff, Prudential Property and Casualty Insurance Company (Prudential) has provided a defense to Jeffers under reservation of rights. Prudential is claiming several defenses as to its coverage. Prudential has a homeowner's policy as to which Jeffers is an insured. Prudential is claiming delayed notice, that the injuries arose out of business pursuits and, therefore, is excluded under its policy, and that the injury was the result of an intentional

act which is not covered by its policy. It also contends that its policy does not provide for punitive . damages. Prudential further alleges that at the time of the shooting Brookland Park Shell, the owner of the truck, was insured under a garage liability policy with Nationwide Mutual Insurance Company (Nationwide). It further alleges that under the terms of its policy, Nationwide is obligated to provide the defendant Jeffers with a defense in the lawsuit of Johnson against Jeffers. Prudential concludes by requesting the court, by way of declaratory judgment, to declare that its policy does not apply to this event in any way, thereby relieving it of the duty to defend or the duty to pay any judgment which may be recovered by Johnson against Jeffers. It further asks the court to declare that the policy of Nationwide does apply, requiring Nationwide to both defend the action and to be responsible for any judgment that might be obtained by Johnson against Jeffers. Johnson has not been made a party to this declaratory judgment action.

The parties cite to the court's attention the cases of *Liberty Mutual Insurance Company v. Bishop*, 211 Va. 414 (1970), and *Criterion Insurance Company v. Grange Mutual*, 210 Va. 446 (1970).

In this action, Nationwide has demurred on the basis there is no justiciable case or controversy existing between Nationwide and Prudential. Neither *Liberty Mutual v. Bishop*, *supra*, or *Criterion v. Grange Mutual*, *supra*, requires a decision contrary to the position being taken by Nationwide, and I concur with Nationwide's position.

In *Criterion* it . was alleged by Criterion in its suit for declaratory judgment that a wrongful denial of coverage by Grange Mutual had caused Criterion's uninsured motorist coverage to become involved in the case. There was, therefore, a very clear justiciable controversy existing between Criterion and Grange because the denial of coverage by Grange would have the effect of making Criterion's uninsured motorist coverage applicable.

In *Liberty Mutual* two other insurance companies settled a claim which they felt was properly the responsibility of Liberty. Having paid the claim of the plaintiff against the alleged insured of the three different companies, they sought to recover from Liberty the amounts paid. The decision in *Liberty Mutual* was not whether there was a justiciable controversy between the companies, but rather whether the matter was a proper case for decla-

ratory judgment. There were no longer any uncertainties, and preventive relief was not being sought. All that the other insurance carriers were seeking in the *Liberty Mutual v. Bishop* case was to recover a money judgment against Liberty Mutual. As the Supreme Court stated on page 421:

> In essence, what Hartford and Virginia Farm Bureau seek here is the recovery of a money judgment, a sum certain, from Liberty Mutual, upon the theory that they have defended, settled and paid under their policies a claim which should have been defended, settled and paid by Liberty Mutual under its policy.
>
> The lower court erred in hearing the action pursuant to the declaratory judgment statutes.

In the present action, we do not have the *Liberty Mutual* situation because there has been no final decision reached as to the claim of Johnson against Jeffers; however, the responsibility of Prudential to provide a defense or to pay is totally independent of what may or may not be the responsibility of Nationwide. There is no uncertainty affecting the interest of Prudential that needs to be resolved by declaratory judgment. Nothing Nationwide has or has not done in this case has put Prudential in the situation it finds itself. Prudential is seeking an advisory opinion from this court as to whether or not its policy applies, rather than making that determination based on its own understanding of its policy and taking whatever action it thinks is appropriate. In addition to seeking an advisory opinion as to its own coverage, which is improper, it is seeking an advisory opinion from the court as to whether the policy of Nationwide has any application to the claim of Johnson against Jeffers. That is likewise improper. The court does not render advisory opinions. There is no justiciable controversy between Prudential and Nationwide based on the allegations of the amended motion for declaratory judgment.

Accordingly, the demurrer of Nationwide is sustained, and this action as to Nationwide will be dismissed.

No appearance was made at the argument of this matter by the defendants Thomas or Carolyn Jeffers and these defendants apparently take no stand with reference to

the demurrer of Nationwide or the declaratory judgment relief sought by Prudential.

At the hearing, Gerald T. Zerkin did appear, indicating he was counsel for Jerome Johnson, and filed with the court a motion to intervene in this declaratory judgment proceeding. I am not convinced there is any procedure for someone to intervene in a declaratory judgment, but I will be willing to hear Mr. Zerkin further on this point, if he desires. It does seem to me that if Prudential intends to pursue its declaratory judgment action against Jeffers, it would be prudent to add Johnson as a party defendant. Otherwise, I am not sure Johnson would be bound by any decision this court might reach as to Prudential's insurance coverage of Jeffers.