Present:  All the Justices

USAA CASUALTY INSURANCE
COMPANY, ET AL.

v.    Record No. 971083  OPINION BY JUSTICE BARBARA MILANO KEENAN
                                February 27, 1998
TRACY LEE RANDOLPH, ET AL.

                FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                    Carleton Penn, Judge Designate

        In this appeal, we consider a procedural challenge to the

use of a declaratory judgment proceeding for resolving the issue

whether an employee's injury arose out of and in the course of

his employment.

        In October 1995, Kevin Martin was working as a truck driver

for Southern States Cooperative, Inc., t/a Southern States

Leesburg Petroleum Services (Southern States).  Martin's job

required him to be "on call" to respond to customer requests for

service during the weekend beginning Friday, October 13, 1995.

Pursuant to company policy, Martin planned to use a company-

owned truck for the period he was "on call."

        At the end of his regular work shift on October 13, Martin

began to transfer his personal belongings from his car, which

was in Southern States' employee parking lot, to the company-

owned truck.  During this process, Martin noticed that his

hunting rifle was in the trunk of his car and that the rifle

case was open.  When Martin attempted to close the rifle case,

the rifle discharged a bullet which traveled through the wall of

the trunk and struck Tracy Lee Randolph, another Southern States employee, in the left leg.  There is no allegation that this shooting was intentional.

At the time of the shooting, Martin's car was insured by a motor vehicle liability insurance policy issued by USAA Casualty Insurance Company (USAA), which provided coverage for injuries caused by Martin's negligent or reckless use of the car. Martin's homeowner's liability insurance policy, also issued by USAA, provided coverage for injuries resulting from Martin's negligent or reckless acts.  USAA denied liability under each policy for Randolph's injury on the ground that Randolph was injured on Southern States' property while Martin was in the course of his employment.  Southern States' workers' compensation carrier, Southern States Underwriters, Inc., t/a Southern States Insurance Exchange (Underwriters), also denied liability for Randolph's injury, stating that the injury did not arise out of or in the course of Randolph's employment.

Randolph filed a bill of complaint for declaratory judgment in the trial court against several defendants, including USAA, Southern States, Underwriters, and Kevin Martin.  The bill of complaint requested a declaration that USAA was liable for Randolph's injury under either or both of the insurance policies issued by USAA.

At a bench trial, Randolph's counsel informed the chancellor that the sole issue he was asking the chancellor to decide was "whether the Workers' Compensation bar applies." Randolph's counsel further stated that he "was not going to get into which one of the various USAA policies might apply." USAA and Martin (collectively, USAA) objected to Randolph's use of a declaratory judgment proceeding to resolve the issue concerning the workers' compensation bar.

After hearing the evidence, the chancellor ruled that the request for declaratory relief was appropriate because the suit involved an "antagonistic assertion and denial of right." The chancellor then held that the injury did not arise out of Randolph's employment and, thus, that the Virginia Workers' Compensation Act, Code §§ 65.2-100 through -1310, did not bar Randolph from filing a tort action.

On appeal, USAA contends that the chancellor erred in entering a declaratory judgment on the issue whether Randolph's injuries arose out of and in the course of his employment. USAA argues that declaratory judgment did not lie in this case because the suit raised an issue to be decided in a future tort action and did not involve a determination of Randolph's rights under a written instrument.

Southern States and Randolph (collectively, Randolph) contend that the trial court did not err in entering a

3

declaratory judgment because the bill of complaint requested a determination whether Randolph had a right to file a workers' compensation claim or a right to institute a personal injury action.  Randolph also asserts that the declaratory judgment suit was an appropriate and efficient mechanism for joining all parties in interest for the conclusive determination of these rights.  We disagree with Randolph.

Under the Declaratory Judgment Act, Code §§ 8.01-184 through -191, circuit courts have the authority to make "binding adjudications of right" in cases of "actual controversy" when there is "antagonistic assertion and denial of right."  Code § 8.01-184; Blue Cross & Blue Shield v. St. Mary's Hosp., 245 Va. 24, 35, 426 S.E.2d 117, 123 (1993); Erie Ins. Group v. Hughes, 240 Va. 165, 170, 393 S.E.2d 210, 212 (1990); Reisen v. Aetna Life & Cas. Co., 225 Va. 327, 331, 302 S.E.2d 529, 531 (1983). The purpose of this enactment is to provide relief from the uncertainty arising out of controversies over legal rights. Code § 8.01-191; Erie, 240 Va. at 170, 393 S.E.2d at 212; Reisen, 225 Va. at 331, 302 S.E.2d at 531.

The Declaratory Judgment Act does not give trial courts the authority to render advisory opinions, to decide moot questions, or to answer inquiries that are merely speculative.  St. Mary's, 245 Va. at 35, 426 S.E.2d at 123; Hughes, 240 Va. at 170, 393 S.E.2d at 212; Reisen, 225 Va. at 331, 302 S.E.2d at 531.  The

4

Act also is not to be used as an instrument of procedural fencing, either to secure delay or to choose a forum. Liberty Mut. Ins. Co. v. Bishop, 211 Va. 414, 419, 177 S.E.2d 519, 522 (1970); Williams v. Southern Bank, 203 Va. 657, 662, 125 S.E.2d 803, 807 (1962).

The authority to enter a declaratory judgment is discretionary and must be exercised with great care and caution. Bishop, 211 Va. at 421, 177 S.E.2d at 524. As a rule, this authority will not be exercised when some other mode of proceeding is provided. Id.

The fact that multiple actions may be avoided if a declaratory judgment is entered is not always a ground for the trial court to exercise its jurisdiction. There must also be some real necessity for the exercise of jurisdiction on this basis. Id. at 419, 177 S.E.2d at 522-23; Williams, 203 Va. at 663, 125 S.E.2d at 807. Further, when a declaratory judgment regarding a disputed fact would be determinative of issues, rather than a construction of definite stated rights, status, or other relations, commonly expressed in written instruments, the case is not appropriate for declaratory judgment. Bishop, 211 Va. at 420, 177 S.E.2d at 523; Williams, 203 Va. at 663, 125 S.E.2d at 807.

Our decisions in Bishop and Williams illustrate some of these basic principles. In Bishop, two insurers which had

5

defended and settled a wrongful death action requested entry of a declaratory judgment against Liberty Mutual Insurance Company (Liberty Mutual). The two insurers effectively contended that Liberty Mutual was liable to them because they defended, settled, and paid under their policies a claim that should have been defended, settled, and paid by Liberty Mutual. The trial court entered a declaratory judgment decreeing recovery in favor of the two insurers.

On appeal, Liberty Mutual maintained that the disputed claim was not appropriate for resolution by means of declaratory judgment. We agreed because, when the petition for declaratory judgment was filed, the various claims and rights asserted had accrued and matured, and the wrongs alleged had been suffered. 211 Va. at 421, 177 S.E.2d at 524. Thus, no rights between the parties remained unsettled and other modes of proceeding were available for resolution of the dispute. See id.

In Williams, a former customer of a bank threatened to file eleven actions for malicious prosecution against the bank, based on information the bank gave to a prosecutor that led to the indictment of the customer on eleven charges of larceny. When the customer was acquitted on two of the larceny charges, the remaining indictments were terminated by nolle prosequi on motion by the prosecutor. The bank filed a petition for declaratory judgment requesting a determination whether the bank

6

could be held liable in a civil suit for the alleged malicious prosecution.  The trial court entered a declaratory judgment decreeing that the bank had made a full disclosure of all material facts to the prosecutor, and the court permanently enjoined the customer from instituting any malicious prosecution actions based on the bank's conduct.  203 Va. at 658-59, 125 S.E.2d at 804-05.

We reversed the trial court's decree, holding that declaratory judgment did not lie because the only controversy in the suit involved a disputed issue, namely, whether the bank made a full disclosure of the facts to the prosecutor.  203 Va. at 663, 125 S.E.2d at 807.  The determination of that issue, rather than an adjudication of any rights of the parties, was the true object of the proceeding.  Id.  We also noted that the trial court's decree improperly allowed the bank to choose its own forum in equity.  Id. at 663, 125 S.E.2d at 808.

The present case suffers from many of the same defects that required reversal of the decrees in Bishop and Williams.  Like Bishop, the present case involves claims and rights that had accrued and matured when the bill of complaint was filed.  Thus, declaratory judgment did not lie because other remedies were available to Randolph, namely, a claim for workers' compensation benefits or an action at law.  See Bishop, 211 Va. at 421, 177 S.E.2d at 524.

7

Like Williams, the present case is inappropriate for declaratory judgment because the case does not involve a determination of rights, but only involves a disputed issue to be determined in future litigation between the parties, namely, whether Randolph's injuries arose out of and in the course of his employment. The chancellor's entry of a declaratory judgment also improperly allowed Randolph to choose a forum for the determination of this issue. See Williams, 203 Va. at 663, 125 S.E.2d at 808.

We find no merit in Randolph's contention that the present case is similar to our decision in Reisen. There, we were presented with an actual controversy requiring the interpretation of rights under an insurance policy. The controversy involved the insurer's duty to defend a pending tort action. We held that the determination of this coverage question was appropriate for declaratory judgment because the determination guided the parties in their future conduct in relation to each other, and saved them from jeopardizing their interests by taking undirected action incident to their rights. 225 Va. at 335, 302 S.E.2d at 533. The present case is dissimilar to Reisen because Randolph did not seek any adjudication of rights but only requested a determination of the

issue whether his injuries arose out of and in the course of his employment.[*]

For these reasons, we will reverse the trial court's decree and dismiss the bill of complaint for declaratory judgment.

<u>Reversed and dismissed.</u>

---

[*] Based on our decision, we do not reach USAA's remaining assignment of error challenging the merits of the chancellor's decision.

9