*481 JUSTICE KINSER, dissenting.
I believe that the judgment of the circuit court should be affirmed but for reasons unrelated to the merits of the issue addressed by the majority.
One of the grounds asserted by Nancy W. Miller, Commissioner of the Revenue for Montgomery County, in support of her demurrer to the bills of complaint was that the declaratory judgment statute, Code § 8.01-184, is not the “appropriate vehicle to determine the validity of tax assessments.” Instead, Miller contended that the procedures established in Code §§ 58.1-3980 through -3993 should be followed when an aggrieved taxpayer seeks to correct an erroneous or invalid tax assessment. In its letter opinion, the circuit court agreed and sustained the demurrer on that ground. Despite that finding, the court then addressed the merits of the question concerning the tax situs of merchants’ capital under Code § 58.1-3511(A).
Code § 8.01-184 authorizes circuit courts to issue declaratory judgments in cases of actual controversy. However, we have said on more than one occasion that the authority “to make a declaratory judgment is a discretionary one and must be exercised with care and caution.” Liberty Mut. Ins. Co. v. Bishop, 211 Va. 414, 421, 177 S.E.2d 519, 524 (1970); accord USAA Cas. Ins. Co. v. Randolph, 255 Va. 342, 346, 497 S.E.2d 744, 746 (1998); Haughton v. Lankford, 189 Va. 183, 192, 52 S.E.2d 111, 114 (1949). Furthermore, the power to enter a declaratory judgment should not be exercised “when some other mode of proceeding is provided.” Randolph, 255 Va. at 346, 497 S.E.2d at 746; accord Bishop, 211 Va. at 421, 177 S.E.2d at 524.
In Haughton, this Court also cautioned against the exercise of jurisdiction in declaratory judgment proceedings that involve questions of tax liability. We did so because such questions affect the orderly administration of the Commonwealth’s fiscal affairs, which should not be unduly interfered with by the courts. Haughton, 189 Va. at 198, 52 S.E.2d at 117. The same caution should be exercised in this case because of Montgomery County’s administration of its fiscal affairs.
As the circuit court noted in its letter opinion, the taxpayers in this case can apply to the circuit court, pursuant to Code § 58.1-3984, for correction of any erroneous assessment of local taxes. Thus, another “mode of proceeding” is available. Randolph, 255 Va. at 346, 497 S.E.2d at 746. Additionally, entry of declaratory relief *482 now, before Montgomery County has assessed any tax on the merchants’ capital at issue, could affect the administration of the County’s fiscal affairs. For these reasons, I cannot say that the circuit court abused its discretion in declining to exercise its jurisdiction under Code § 8.01-184. See Reisen v. Aetna Life & Cas. Co., 225 Va. 327, 334, 302 S.E.2d 529, 532 (1983) (abuse of discretion standard used to review trial court’s decision regarding whether to exercise power to issue declaratory judgments). Having decided that it would not exercise its declaratory judgment jurisdiction, the circuit court then erred by addressing the merits of the bills of complaint. Once a court exercises its discretion to decline jurisdiction under Code § 8.01-184, nothing further remains before the court for adjudication. Thus, I conclude that the remainder of the circuit court’s letter opinion was merely advisory.
Accordingly, I would affirm the judgment of the circuit court sustaining the demurrer on the basis that declaratory relief is not the appropriate mechanism to determine the tax situs of the merchants’ capital at issue, vacate the remaining portions of its judgment, and dismiss the declaratory judgment actions.