## CIRCUIT COURT OF THE CITY OF NORFOLK

John M. Nottingham

v.

Louis Caviggiola et al.

February 18, 2005

Case No. (Law) L04-2200

BY JUDGE CHARLES E. POSTON

This matter comes before the Court on the Demurrer of Defendants Alcoa and Howmet. After hearing oral argument and considering the memoranda of counsel, the Court overrules the Demurrer.

*Facts*

On July 24, 2002, Louis Caviggiola struck the rear of John M. Nottingham's vehicle while traveling southbound on Route 13 in Northampton County, Virginia. At the time of the accident, Caviggiola was operating a vehicle owned by Penske Truck Leasing Company and leased or owned by Howmet Transport Service, Inc., a subsidiary of Alcoa, Inc.

On July 16, 2004, Nottingham filed a federal suit against Caviggiola, Penske, Howmet, and Alcoa in the Eastern District of Virginia, Norfolk Division, to recover damages resulting from the above described automobile accident. A central disputed fact in the federal action is whether Penske, Howmet, or Alcoa are vicariously liable for any negligence of Caviggiola.

While the federal suit was pending, Nottingham filed a Motion for Declaratory Judgment in the Norfolk Circuit Court on October 15, 2004. In this motion, Nottingham alleges that he is a claimant under insurance policies

written by Liberty Mutual Insurance Company, Hartford Casualty Insurance Company, Progressive American Insurance Company, Virginia Farm Bureau Mutual Insurance Company, Pacific Employers Insurance Company, Royal Insurance Company of America, and Transport Drivers, Inc. He further alleges that, without just cause, the insurers have failed and refused to provide coverage for his claims. As a result, Nottingham asks the Court to determine which of several insurers owe coverage for the automobile accident and resulting injuries.

In response to Nottingham's motion, Alcoa and Howmet filed a Demurrer on December 1, 2004. The Co-defendants argue that the sole purpose of Nottingham's motion is to establish whether Caviggiola was acting as an employee or agent at the time of the automobile accident. Because this inquiry involves the determination of a disputed issue that can be resolved in future litigation rather than the adjudication of any rights of the parties, they contend that Nottingham's declaratory judgment should be dismissed as improper.

*Analysis*

The purpose of a declaratory judgment is to provide relief from the uncertainty arising out of controversies over legal rights. Va. Code Ann. § 8.01-184; *Erie Ins. Group v. Hughes*, 240 Va. 165, 170, 393 S.E.2d 210, 212 (1990). It guides the parties in their future conduct in relation to each other, thereby relieving them from the risk of taking undirected action that would jeopardize their interests. *Id.* A declaratory judgment does not create or change any substantive rights, bring into being or modify any relationships, or alter the character of controversies, which are the subject of judicial power. *Williams v. Bank of Norfolk*, 203 Va. 657, 125 S.E.2d 803 (1962).

As provided in the Declaratory Judgment Act, circuit courts are empowered to make certain "binding adjudications of right," and to do so "whether or not consequential relief is, or at the time could be, claimed." Va. Code Ann. § 8.01-184. Courts may only exercise such power, however, "in cases of actual controversy" where there is an "actual antagonistic assertion and denial of right." *Id.* The controversy must be justiciable, that is, one in which there are specific adverse claims, based on present facts, which are ripe for adjudication. *Reisen v. Aetna Life & Cas. Co.*, 225 Va. 327, 331, 302 S.E.2d 529, 530 (1983) (citation omitted). Thus, the Declaratory Judgment Act does not give courts the authority to render advisory opinions, decide moot questions, or answer inquiries that are merely speculative. *Treacy v. Smithfield Foods*, 256 Va. 97, 104, 500 S.E.2d 503, 505 (1998) (citation

omitted). Today, the Court is asked whether Nottingham may maintain a declaratory judgment proceeding to determine the obligations of various insurers for injuries sustained in an automobile accident. On demurrer, Alcoa and Howmet argue that such a proceeding is improper. In support of their argument, the Co-defendants primarily rely on two Supreme Court decisions: *USAA Cas. Ins. Co. v. Randolph*, 255 Va. 342, 497 S.E.2d 744 (1998), and *Green v. Goodman-Gable-Gould Co.*, 268 Va. 102, 597 S.E.2d 77 (2004).

In *Randolph*, the Supreme Court of Virginia concluded that a declaratory judgment is improper where the case does not involve a determination of rights under a written instrument, but only involves a disputed issue to be determined in future litigation between the parties. *Randolph*, 255 Va. at 348, 497 S.E.2d at 747. In this case, Randolph was shot by a co-worker while both were on the employer's parking lot after ending their shift. Randolph, fearing that his co-worker would raise the worker's compensation bar in his personal injury action, filed a declaratory judgment action against USAA, the insurer of his co-worker's automobile. At a bench trial, Randolph's counsel informed the chancellor that the sole issue he was asking the chancellor to decide was "whether the Workers' Compensation bar applies." Randolph's counsel further stated that he "was not going to get into which one of the various USAA policies might apply." USAA objected to Randolph's use of the declaratory judgment proceeding and the Supreme Court agreed, overturning the trial court's decision. According to the Supreme Court, the declaratory judgment was inappropriate because Randolph did not seek any adjudication of rights, but only requested a determination of the issue whether his injuries arose out of and in the course of his employment.

The Supreme Court of Virginia once again addressed the appropriate use of declaratory judgments in *Green v. Goodman-Gable-Gould Co.*, 268 Va. 102, 597 S.E.2d 77 (2004). In *Green*, GGG filed a declaratory judgment proceeding to determine whether it had substantially performed its obligations under a contract with Green. The Supreme Court reversed the judgment of the circuit court granting declaratory relief, stating that GGG was using the declaratory action as an instrument of "procedural fencing." *Id.* at 110, 597 S.E.2d at 82 (citation omitted). Similarly to *Randolph*, the proceeding was improper because GGG's actual objective was a determination of a disputed issue rather than an adjudication of the parties' rights.

Contrary to the Co-defendants' contentions, the Court finds the decisions in *Randolph* and *Green* distinguishable from the case at bar and, therefore, not controlling. Instead, the Court finds the Supreme Court's decision in *Reisen v. Aetna Life & Cas. Co.*, 225 Va. 327, 302 S.E.2d 529 (1983), to be more on

point, and thus more persuasive.[1] In *Reisen*, the appellant, Philip Reisen, filed a tort action against Jack Goins, who had driven his truck into Reisen while he was on a sidewalk. The insurance company providing coverage on Goins' truck advised Reisen and Goins that the loss was not covered under the policy because Goins' act was intentional. The insurance company then filed a declaratory judgment proceeding seeking a determination that it was not obligated to pay any judgment that might be rendered against Goins. The insurer named as defendants its insured, the injured person, and the latter's uninsured motorist insurance carrier. Confirming the jury's finding that the tort was intentional as alleged, the trial court entered judgment declaring no coverage. Reisen appealed the court's decision and asked the Supreme Court of Virginia to determine "whether a declaratory judgment is proper to decide a coverage question when the ultimate issue of fact determining coverage was set for adjudication in a related, pending tort action." *Id.* at 329, 302 S.E.2d at 530. The Supreme Court answered this inquiry in the affirmative; it explained that "because of the likelihood that the insurer, after judgment in the tort action, would be entitled to litigate the very same coverage question it sought to raise before trial," the declaratory judgment proceeding declaring the parties' rights in advance was proper. *Id.* at 335, 302 S.E.2d at 534. The Supreme Court further stated that declaratory relief is appropriate where parties need guidance in their future conduct in relation to each other so as to avoid the risk of action that would jeopardize their respective interests. *Id.* Therefore, the trial court did not abuse its discretion in exercising jurisdiction over the coverage matter because "there was a justiciable controversy ripe for adjudication within the meaning of our declaratory statutes." *Id.* at 334, 302 S.E.2d at 532.

Alcoa and Howmets' reliance on *Randolph* and *Green* is misplaced. First, in neither case did the Supreme Court ever suggest that a claimant could not bring a declaratory judgment against an insurer. Instead, they merely stated that the authority to issue a declaratory judgment is discretionary "and must be exercised with great care and caution." *Green*, 268 Va. at 110, 597 S.E.2d at 82; *Randolph*, 255 Va. at 346, 497 S.E.2d at 746. Second, unlike *Randolph* and *Green*, the true object of the case at bar is not the determination of a disputed issue. In *Randolph*, the plaintiff sought the determination of whether his injuries arose out of and in the course of employment, while the defendant in *Green* asked the court to decide whether the plaintiffs had breached a

---

[1] The Co-defendants' memorandum neither discusses *Reisen* nor attempts to distinguish it from the case at bar.

contract. Here, the Court is presented with an actual controversy requiring the interpretation of rights. Nottingham is asking the Court to interpret various insurance policies so that parties can be guided in their future conduct in relation to each other and avoid the risk of action that would jeopardize their respective interests.

The fact that the Court must resolve a disputed issue of fact, namely, whether Caviggiola was an employee at the time of the accident, does not make the declaratory judgment inappropriate. As stated in *Reisen*, declaratory relief as to potential insurance coverage is proper despite the fact that the critical factual issue to be litigated is a material fact in the underlying tort action. *Reisen*, 225 Va. at 335, 302 S.E.2d at 533. To adopt a different rule would ignore the policies expressed in the Declaratory Judgment Act. In cases involving insurance coverage, a declaratory judgment determines who has potential liability in a pending tort action. This serves the cause of judicial economy by allowing parties to make intelligent assessments of such questions as settlement and the benefits of pursuing litigation. As stated in Virginia Code § 8.01-191, the Declaratory Judgment Act is to "be liberally interpreted and administered with a view to making the courts more serviceable to the people."

## Conclusion

When a justiciable controversy exists between insurance companies as to their obligations under the terms of their respective policies, a declaratory judgment proceeding may be maintained. *Criterion Ins. Co. v. Grange Mutual*, 210 Va. 446, 449, 171 S.E.2d 669, 671 (1970). Like *Reisen*, the Court is presented with an actual controversy. An accident occurred; Nottingham was seriously injured; and all potential insurers have denied coverage. Before the parties can make intelligent assessments of such questions as settlement and the benefits of pursuing litigation, they must be able to determine the amount of, if any, existing insurance coverage available. Therefore, the Court holds that the suit is ripe for adjudication and declaratory judgment is appropriate.