# CIRCUIT COURT OF CHESTERFIELD COUNTY

Trivedi

v.

Pansuria

November 3, 2006

Case No. CL06-1689

BY JUDGE HERBERT C. GILL, JR.

On October 12, 2006, this matter came before the court. Upon a hearing on plaintiff's motion for judgment and defendant's demurrer and plea at bar, the following issues were taken under advisement: (1) whether the defense of the statute of limitations is properly before the court, and (2) whether the court will entertain the plaintiff's request for declaratory relief. The Court now issues its ruling.

*Defendant's Plea at Bar*
*of the Statute of Limitations*

The affirmative defense of the statute of limitations must be raised in a responsive pleading. Va. Code § 8.01-235. Rule 3:8 deems both demurrers and pleas to be responsive pleadings. Thus, although § 8.01-235 expressly states that the defense may not be raised by demurrer, the plea at bar stands as its own responsive pleading. The Court found no rule prohibiting the filing of multiple responsive pleadings simultaneously. Rather, the Court relies, in part, on § 8.01-272, which allows parties to plead as many matters as they find necessary, and Rule 3:18 which permits them to be included in the same

paper, as well as old case law permitting such pleading, including *Bassett v. Cunningham*, 34 Va. (7 Leigh) 402 (1836). The Court therefore finds that the statute of limitations defense has been properly pleaded.

The Court further finds that ruling on the plea at bar need not be deferred until the date of trial. Pursuant to its discretion under § 8.01-281 and Rule 4:13(8), the Court will allow the hearing on the issue scheduled for November 20, 2006, to remain on the docket.

### *Plaintiff's Request for Declaratory Judgment*

By its terms, the Declaratory Judgment Act is to be liberally construed. Va. Code § 8.01-191. Case law, however, dictates that the Court exercise its discretion "with care and caution." *Liberty Mutual Ins. Co. v. Bishop*, 211 Va. 414, 421, 177 S.E.2d 519 (1970).

The defense bases its objection to proceeding on a motion for declaratory judgment on *Green v. Goldman-Gable-Gold Co.*, 268 Va. 102, 597 S.E.2d 77 (2004) (reversing the judgment and dismissing the declaratory judgment action because the relief requested was a determination of a disputed issue rather than an adjudication of the parties' rights), but the Court finds the reasoning set forth in *Liberty Mutual* to be more persuasive. There, the Supreme Court of Virginia found an abuse of discretion and dismissed the petition for declaratory judgment because the relief sought was not preventative in nature, but rather a judgment based on an already-established violation of right. *Liberty Mutual*, 211 Va. at 421. This analysis was followed by *USAA Casualty Ins. Co. v. Randolph*, 255 Va. 342, 347, 497 S.E.2d 744 (1998), also. The plaintiff cannot employ a declaratory judgment suit to undo his sales agreement with the defendants, for proceeding on the breach of contract claim provides an adequate remedy at law. As a rule, declaratory judgment will not be granted "where some other mode of proceeding is provided." *Liberty Mutual*, 211 Va. at 421. The plaintiff alleges in his motion for judgment that he has incurred losses at the defendants hands; as such, this Court finds that "the various claims and rights asserted had all accrued and matured, and that the wrongs had been suffered, when [the] petition for declaratory judgment was filed." *Id.*

For the foregoing reasons, the Court dismisses plaintiff's petition for declaratory judgment.